No. 113. CORONA DAILY INDEPENDENT ET AL. *v.* CITY OF CORONA. District Court of Appeal of California, Fourth Appellate District. Certiorari denied. MR. JUSTICE BLACK and MR. JUSTICE DOUGLAS are of the opinion that the petition for writ of certiorari should be granted. Memorandum filed by MR. JUSTICE DOUGLAS with whom MR. JUSTICE BLACK concurs. *Frank Taylor Cotter* for petitioners. *John T. Ganahl* for respondent.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BLACK concurs.

I dissent from a denial of certiorari in this case.

Petitioners publish a newspaper in Corona, California. The city has by ordinance imposed a license tax for the privilege of engaging in any business in the city, including the business of publishing a newspaper. Petitioners refused to pay the license fee, and the California courts have held that they may be compelled to do so.

We said in *Murdock* v. *Pennsylvania*, 319 U. S. 105, 113, that "A state may not impose a charge for the enjoyment of a right granted by the Federal Constitution. Thus, it may not exact a license tax for the privilege of carrying on interstate commerce (*McGoldrick* v. *Berwind-White Co.*, 309 U. S. 33, 56–58), although it may tax the property used in, or the income derived from, that commerce, so long as those taxes are not discriminatory. *Id.*, p. 47 and cases cited. A license tax applied to activities guaranteed by the First Amendment would have the same destructive effect. It is true that the First Amendment, like the commerce clause, draws no distinction between license taxes, fixed sum taxes, and other kinds of taxes. But

that is no reason why we should shut our eyes to the nature of the tax and its destructive influence. The power to impose a license tax on the exercise of these freedoms is indeed as potent as the power of censorship which this Court has repeatedly struck down."

The license tax involved here is a privilege tax in fact as well as in form—"a flat tax imposed on the exercise of a privilege granted by the Bill of Rights." 319 U. S., at p. 113. No government can exact a price for the exercise of a privilege which the Constitution guarantees.