Theodore S. BURR, Plaintiff,

v.

ATLANTIC AVIATION CORPORATION, a
*Delaware Corporation, Defendant.*

Superior Court of Delaware,
New Castle.

Sept. 30, 1974.

Ben T. Castle, Young, Conaway, Stargatt & Taylor, Wilmington, for plaintiff.

Rodney M. Layton, Allen M. Terrell, Jr., Richards, Layton & Finger, Wilmington, for defendant.

OPINION

BUSH, Judge.

This is an action for libel and slander. The defendant has filed a motion for summary judgment.

Plaintiff, Theodore S. Burr (Burr), has filed suit against Atlantic Aviation Corporation (Atlantic) charging Atlantic, Plaintiff's former employer, with defamatory communications to the duPont Company (duPont) which allegedly resulted in plaintiff's no longer flying for Atlantic.

Plaintiff was the co-pilot assigned to fly a duPont Company-owned airplane on a duPont Charter flight flown by an Atlantic crew between Wilmington, Delaware, and Athens, Georgia. The flight resulted in a crash landing with significant property damage.

Atlantic was under contract to maintain and fly certain duPont planes on personalized charters for duPont employees. An accident report, prepared by Atlantic, was submitted to duPont.

Plaintiff and defendant disagree as to whether Atlantic volunteered the report to duPont or whether duPont requested the report to be prepared. Neither party disputes that the director of Transportation and Distribution Department at duPont requested the original report to be revised because the original report did not contain a conclusion as to the cause of the accident.

The pilot and plaintiff were removed from duPont Flight Operations. The pilot was placed on early retirement. The plaintiff accepted an opportunity to work for Atlantic at the same salary in a different department. After four months in the position, he was discharged.

Plaintiff has charged that as a result of the accident, Atlantic rendered certain reports concerning the accident to duPont, the reports being libelous and slanderous because they included statements alleging falsely that plaintiff was negligent and partly at fault for the accident.

The defendant argues that the communications by Atlantic to duPont were privileged and, thus, Burr is barred from asserting a cause of action based on defamation.

The courts of this state do not look with favor upon suits for libel and slander. Where the alleged wrong is not actionable per se, the allegations of the complaint are viewed with special care if challenged by a defense motion to dismiss on a motion for summary judgment. Danias v. Fakis, 261 A.2d 529 (Del.Super.1969).

Defamation may fall within a class which the law terms privileged. Privileged defamation may be absolute or conditional. In the case at hand, the Court is concerned as to whether there exists a conditional or qualified privilege. Such privilege extends to communications made between persons who have a common interest for the protection of which the allegedly defamatory statements are made. Prosser on Torts (2d Ed.), § 95, Restatement of Torts, § 593.

Whether or not an occasion is privileged in the sense that no slander can be committed by an exchange of communications is a function of the court to determine as a matter of law. Pierce v. Burns, 185 A.2d 477, 479, 480 (Supr.1962).

Communications with respect to the character or qualifications of an employee or former employee may be made to any person who has a legitimate interest in the subject matter. 50 Am.Jur.2nd, Libel & Slander, § 275.

I can think of no stronger legitimate interest than for duPont to have received an accident report concerning a charter flight of theirs on a company-owned plane; and this legitimate interest would exist regardless of whether the contract between Atlantic and duPont specified that such a report must be made. Thus, I find the necessary relationship to exist for conditional privilege to attach.

A report of a pilot's qualifications has been held to be qualifiedly privileged. Johns v. Associated Aviation Underwriters, 203 F.2d 208, cert. den. 346 U.S. 834, 74 S.Ct. 38, 98 L.Ed. 356.

I next focus attention on the added statements in the revised report:

"Neither the pilot nor the co-pilot recall having put the flaps in the full up position.

In view of the procedures then in use and in the absence of any malfunction, it is probable that one or the other did put the flaps in the full up position without their being aware of the action.

"In summary, it is our opinion the cause of the accident was the inadvertent retraction of the flaps by a member of the crew.

"Effective immediately, neither Messrs. Rice nor Burr (plaintiff) will be assigned to the duPont Flight Operation."

There is nothing in the statements made by Atlantic which could show that the conditional privilege has been exceeded or abused. Thus, there is no necessity to submit the issue of excess or abuse of the conditional privilege to the jury.

Because of the decision rendered herein, it will not be necessary to rule on other issues raised by the defendant in its motion.

Accordingly, defendant's motion for summary judgment is granted.

It is so ordered.