OHIO CITIZENS FOR RESPONSIBLE ENERGY, INC.
*v.* NUCLEAR REGULATORY COMMISSION et al.

No. A–480.   Decided December 31, 1986

JUSTICE SCALIA, Circuit Justice.

Ohio Citizens for Responsible Energy, Inc., has filed with me as Circuit Justice for the Sixth Circuit an "Application to Stay Mandate of United States Court of Appeals for the Sixth Circuit Pending Certiorari," seeking an order under 28 U. S. C. § 2101(f) staying the full-power operation of the Perry Nuclear Power Plant located near Cleveland, Ohio. The order sought would remain in effect until the Court of Appeals for the Sixth Circuit issues its final decision in the pending suit filed by the applicant against the Nuclear Regulatory Commission, and, should the applicant be unsuccessful in that suit, until disposition of a petition for writ of certiorari in this Court.

The application must be denied.   Section 2101(f) provides: "In any case in which the *final* judgment or decree of any

court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of *such* judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court." (Emphasis added.) It is clear from this language that, even though certiorari review of interlocutory orders of federal courts is available, see 28 U. S. C. §§ 1254(1) and 1292, it is only the execution or enforcement of *final* orders that is stayable under § 2101(f). See *Twentieth Century Airlines, Inc.* v. *Ryan,* 74 S. Ct. 8, 10, 98 L. Ed. 1143, 1145 (1953) (Reed, J., in chambers). In this case, the only extant order which, if stayed, could conceivably affect the full-power operation of the Perry plant, is the Sixth Circuit's order of December 23, 1986, lifting the stay of full-power operation that it imposed on November 13, 1986. That order, however—like the stay itself—is interlocutory.

What the applicant would require in order to achieve the substantive relief that it seeks is an original writ of injunction, pursuant to the All Writs Act, 28 U. S. C. § 1651(a), and this Court's Rule 44.1, against full-power operation of the powerplant. A Circuit Justice's issuance of such a writ—which, unlike a § 2101(f) stay, does not simply suspend judicial alteration of the status quo but grants judicial intervention that has been withheld by lower courts—demands a significantly higher justification than that described in the § 2101(f) stay cases cited by the applicant, *e. g., Rostker* v. *Goldberg,* 448 U. S. 1306, 1308 (1980) (BRENNAN, J., in chambers). The Circuit Justice's injunctive power is to be used "'sparingly and only in the most critical and exigent circumstances,'" *Fishman* v. *Schaffer,* 429 U. S. 1325, 1326 (1976) (MARSHALL, J., in chambers) (quoting *Williams* v. *Rhodes,* 89 S. Ct. 1, 2, 21 L. Ed. 2d 69, 70 (1968) (Stewart, J., in chambers)), and only where the legal rights at issue are "indisputably clear," *Communist Party of Indiana* v. *Whitcomb,* 409 U. S. 1235 (1972) (REHNQUIST, J., in chambers). Moreover, the applicant must demonstrate that the injunc-

tive relief is "necessary or appropriate in aid of [the Court's] jurisdictio[n]." 28 U. S. C. §1651(a). I will not consider counsel to have asked for such extraordinary relief where, as here, he has neither specifically requested it nor addressed the peculiar requirements for its issuance.

The application for stay is denied.