CHIEF Justice Rehnquist, Circuit Justice.
This case is before me on an application for injunctive relief pending writ of certiorari pursuant to 28 U. S. C. § 1651. Applicants seek an order enjoining further implementation of Virginia’s mandatory “minute of silence” statute, Va. Code Ann. §22.1-203 (2000), pending this Court’s disposition of their petition for certiorari which has been filed contemporaneously with this application. The petition for certiorari seeks review of a decision of the Court of Appeals affirming the constitutionality of §22.1-203. See 258 F. 3d 265 (CA4 2001). For the reasons that follow, I conclude that an injunction should not issue.
Applicants are Virginia public school students and their parents who challenge the constitutionality of a state statute, effective as of July 1, 2000, that requires all of Virginia’s public schools to observe a minute of silence at the start of each schoolday. They challenge the statute on its face, contending that it establishes religion in violation of the First Amendment. For the past year, applicants have repeatedly sought temporary and permanent injunctive relief from both the District Court and the Court of Appeals to enjoin Virginia’s enforcement and implementation of this statute. On August 31, 2000, the District Court for the Eastern District of Virginia held a hearing on applicants’ motion for preliminary injunctive relief in light of the approaching school year. This motion was denied. Applicants then requested that the District Court enter an injunction pending appeal, which was also denied. They then moved in the Court of Appeals for an injunction pending appeal. This motion was denied as well.
Applicants have been no more successful on the merits. On October 26,2000, the District Court granted respondents’ motion for summary judgment and dismissed applicants’ challenge in its entirety. Applicants then sought expedited review in the Court of Appeals, which was denied. On July 24,2001, a divided panel of the Court of Appeals affirmed the *1303 District Court’s dismissal of applicants’ complaint, as well as its earlier denial of applicants’ motion for injunctive relief. This application to me followed.
I note first that applicants are seeking not merely a stay of a lower court judgment, but an injunction against the enforcement of a presumptively valid state statute. The All Writs Act, 28 U. S. C. § 1651(a), is the only source of this Court’s authority to issue such an injunction. It is established, and our own rules require, that injunctive relief under the All Writs Act is to be used “ ‘sparingly and only in the most critical and exigent circumstances.’” Ohio Citizens for Responsible Energy, Inc. v. NRC, 479 U. S. 1312, 1313 (1986) (Scalia, J., in chambers) (quoting Fishman v. Schaffer, 429 U. S. 1325, 1326 (1976) (Marshall, J., in chambers)). Such an injunction is appropriate only if “the legal rights at issue are ‘indisputably clear.’” 479 U. S., at 1313 (quoting Communist Party of Ind. v. Whitcomb, 409 U. S. 1235 (1972) (Rehnquist, J., in chambers)).
Whatever else may be said about the issues and equities in this case, the rights of the applicants are not “indisputably clear.” The pros and cons of the applicants’ claim on the merits are fully set forth in the majority and dissenting opinions in the Court of Appeals. Applicants contend that this case is virtually a replay of Wallace v. Jaffree, 472 U. S. 38 (1985), in which we struck down a similar Alabama statute. But the majority opinion in the Court of Appeals took pains to distinguish the present case from Wallace. It noted our statement that the statute at issue there was “ ‘quite different from [a statute] merely protecting every student’s right to engage in voluntary prayer during an appropriate moment of silence during the sehoolday.’” Id., at 59, as quoted in 258 F. 3d, at 279. It further found ample evidence that §22.1-203 had a clear secular purpose, namely, to provide a moment for quiet reflection in the wake of high-profile instances of violence in our public schools. Id., at 276-277. This alone may distinguish Wallace, in which Alabama ex *1304 plicitly conceded that the sole purpose of its moment of silence law was to return prayer to the Alabama schools. We in fact emphasized in Wallace that the Alabama statute “had no secular purpose.” 472 U. S., at 56 (emphasis in original). At the very least the lower court’s finding of a clear secular purpose in this case casts some doubt on the question whether §22.1-203 establishes religion in violation of the First Amendment. See, e.g., id., at 66 (Powell, J., concurring) (“[A] straightforward moment-of-silence statute is unlikely to ‘advance or inhibit religion’ ”); id., at 73 (O’Connor, J., concurring in judgment) (“Even if a statute specifies that a student may choose to pray silently during a quiet moment, the State has not thereby encouraged prayer over other specified alternatives”).
Without expressing any view of my own, or attempting to predict the views of my colleagues as to the ultimate merit of applicants’ First Amendment claim, I can say with some confidence that their position is less than indisputable.
Applicants point out that Justice Powell stayed the order of the District Court dissolving a preliminary injunction in Wallace. See Jaffree v. Board of School Comm’rs of Mobile Cty., 459 U. S. 1314 (1983) (opinion in chambers). But there the plaintiffs alleged that “teachers had ‘on a daily basis’ led their classes in saying certain prayers in unison.” Wallace, supra, at 42. Here, by contrast, after more than a year of operation, the Virginia statute providing for a minute of silence seems to have meant just that. There is no allegation that Virginia schoolteachers have used the minute of silence, or any other occasion, to lead students in collective prayer. To the contrary, the Court of Appeals noted that between 1976 and 2000 at least 20 local school divisions in Virginia established a minute of silence in their classrooms, yet there is no evidence of the practice having ever been used as a government prayer exercise.
I also note that applicants could have made an immediate application to a Justice of this Court under 28 U. S. C. *1305 § 1651(a) in September 2000, after the Court of Appeals denied their request for an injunction pending appeal. That they did not do so is somewhat inconsistent with the urgency they now assert.
For these reasons, I decline to issue an injunction pending certiorari in this case.
*1306 [[Image here]]