NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 10A298

HERB LUX ET AL. *v.* NANCY RODRIGUES, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE VIRGINIA BOARD OF ELECTIONS, ET AL.

ON APPLICATION FOR INJUNCTION

[September 30, 2010]

CHIEF JUSTICE ROBERTS, Circuit Justice.

Herb Lux has filed with me as Circuit Justice for the Fourth Circuit an application for an injunction pending appeal. Lux seeks an injunction requiring the Virginia State Board of Elections to count signatures that he collected in an effort to place himself on the congressional ballot. The application is denied.

Lux is an independent candidate for the U. S. House of Representatives in Virginia's Seventh Congressional District. Under Virginia law, an independent candidate for Congress must obtain 1,000 signatures from voters registered in the relevant congressional district in order to appear on the ballot. Va. Code Ann. §24.2–506 (Lexis 2010 Cum. Supp.). That same provision requires, among other things, that each signature be witnessed by a resident of that district. *Ibid.*

Although Lux is a candidate for the Seventh District, he is a resident of Virginia's First District. As a result, he cannot serve as a witness for signatures from Seventh District residents. Despite that fact, Lux witnessed 1,063 of the 1,224 signatures collected on his behalf. The State

Board of Elections refused to count those signatures. Lux unsuccessfully sought an injunction requiring the Board to do so from the District Court for the Eastern District of Virginia and from the Court of Appeals for the Fourth Circuit.

To obtain injunctive relief from a Circuit Justice, an applicant must demonstrate that "the legal rights at issue are 'indisputably clear.'" *Turner Broadcasting System, Inc.* v. *FCC*, 507 U. S. 1301, 1303 (1993) (Rehnquist, C. J., in chambers) (quoting *Communist Party of Ind.* v. *Whitcomb*, 409 U. S. 1235 (1972) (Rehnquist, J., in chambers)). A Circuit Justice's issuance of an injunction "does not simply suspend judicial alteration of the status quo but grants judicial intervention that has been withheld by lower courts," and therefore "demands a significantly higher justification" than that required for a stay. *Ohio Citizens for Responsible Energy, Inc.* v. *NRC*, 479 U. S. 1312, 1313 (1986) (SCALIA, J., in chambers).

Lux does not meet this standard. He may very well be correct that the Fourth Circuit precedent relied on by the District Court—*Libertarian Party of Va.* v. *Davis*, 766 F. 2d 865 (1985)—has been undermined by our more recent decisions addressing the validity of petition circulation restrictions. See *Meyer* v. *Grant*, 486 U. S. 414, 422, 428 (1988) (invalidating a law criminalizing circulator compensation and describing petition circulation as "core political speech"); *Buckley* v. *American Constitutional Law Foundation, Inc.*, 525 U. S. 182, 186–187 (1999) (holding unconstitutional a requirement that initiative petition circulators be registered voters). At the same time, we were careful in *American Constitutional Law Foundation* to differentiate between registration requirements, which were before the Court, and residency requirements, which were not. *Id.,* at 197. Lux himself notes that the courts of appeals appear to be reaching divergent results in this area, at least with respect to the validity of state residency

requirements. Application 13–14. Accordingly, even if the reasoning in *Meyer* and *American Constitutional Law Foundation* does support Lux's claim, it cannot be said that his right to relief is "indisputably clear."

The application for an injunction is denied.

*It is so ordered.*