NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

―――――――

No. 12A644

―――――――

## HOBBY LOBBY STORES, INC., ET AL., *v.* KATHLEEN SEBELIUS, SECRETARY OF HEALTH AND HUMAN SERVICES, ET AL.

ON APPLICATION FOR INJUNCTION

[December 26, 2012]

JUSTICE SOTOMAYOR, Circuit Justice.

This is an application for an injunction pending appellate review filed with me as Circuit Justice for the Tenth Circuit. The applicants are two closely held for-profit corporations, Hobby Lobby Stores, Inc. (Hobby Lobby) and Mardel, Inc. (Mardel), and five family members who indirectly own and control those corporations. Hobby Lobby is an arts and crafts retail chainstore, with more than 13,000 employees in over 500 stores nationwide. Mardel is a chain of Christian-themed bookstores, with 372 full-time employees in 35 stores. Employees of the two corporations and their families receive health insurance from the corporations' self-insured group health plans.

Under §1001(5) of the Patient Protection and Affordable Care Act, 124 Stat. 131, 42 U. S. C. §300gg–13(a), non grandfathered group health plans must cover certain preventive health services without cost-sharing, including various preventive services for women as provided in guidelines issued by the Health Resources Services Administration (HRSA), a component of the Department of Health and Human Services. As relevant here, HRSA's

guidelines for women's preventive services require coverage for "all Food and Drug Administration . . . approved contraceptive methods, sterilization procedures, and patient education and counseling for all women with reproductive capacity as prescribed by a provider."  77 Fed. Reg. 8725 (Feb. 15, 2012) (internal quotation marks omitted).

The applicants filed an action in Federal District Court for declaratory and injunctive relief under the Free Exercise Clause of the First Amendment and the Religious Freedom Restoration Act of 1993 (RFRA), 42 U. S. C. §2000bb *et seq.*  They allege that under the HRSA guidelines, Hobby Lobby and Mardel will be required, contrary to the applicants' religious beliefs, to provide insurance coverage for certain drugs and devices that the applicants believe can cause abortions.  The applicants simultaneously filed a motion for a preliminary injunction to prevent enforcement of the contraception-coverage requirement, which is scheduled to take effect with respect to the employee insurance plans of Hobby Lobby and Mardel on January 1, 2013.  The District Court for the Western District of Oklahoma denied the motion for a preliminary injunction, and the Court of Appeals for the Tenth Circuit denied the applicants' motion for an injunction pending resolution of the appeal.

The only source of authority for this Court to issue an injunction is the All Writs Act, 28 U. S. C. §1651(a).  "We have consistently stated, and our own Rules so require, that such power is to be used sparingly."  *Turner Broadcasting System, Inc.* v. *FCC*, 507 U. S. 1301, 1303 (1993) (Rehnquist, C. J., in chambers); see this Court's Rule 20.1 ("Issuance by the Court of an extraordinary writ authorized by 28 U. S. C. §1651(a) is not a matter of right, but of discretion sparingly exercised"). Unlike a stay of an appeals court decision pursuant to 28 U. S. C. §2101(f), a request for an injunction pending appeal "'does not simply suspend judicial alteration of the status quo but grants

judicial intervention that has been withheld by lower courts.'" *Respect Maine PAC* v. *McKee*, 562 U. S. ___ (2010) (quoting *Ohio Citizens for Responsible Energy, Inc.* v. *Nuclear Regulatory Comm'n*, 479 U. S. 1312, 1313 (1986) (SCALIA, J., in chambers)). Accordingly, a Circuit Justice may issue an injunction only when it is "[n]ecessary or appropriate in aid of our jurisdiction" and "the legal rights at issue are indisputably clear." *Wisconsin Right to Life, Inc.* v. *Federal Election Comm'n*, 542 U. S. 1305, 1306 (2004) (Rehnquist, C. J., in chambers) (internal quotation marks omitted).

Applicants do not satisfy the demanding standard for the extraordinary relief they seek. First, whatever the ultimate merits of the applicants' claims, their entitlement to relief is not "indisputably clear." *Lux* v. *Rodrigues*, 561 U. S. ___, ___ (2010) (ROBERTS, C. J., in chambers) (slip op., at 2) (internal quotation marks omitted). This Court has not previously addressed similar RFRA or free exercise claims brought by closely held for-profit corporations and their controlling shareholders alleging that the mandatory provision of certain employee benefits substantially burdens their exercise of religion. Cf. *United States* v. *Lee*, 455 U. S. 252 (1982) (rejecting free exercise claim brought by individual Amish employer who argued that paying Social Security taxes for his employees interfered with his exercise of religion). Moreover, the applicants correctly recognize that lower courts have diverged on whether to grant temporary injunctive relief to similarly situated plaintiffs raising similar claims, Application for Injunction Pending Appellate Review 25–26, and no court has issued a final decision granting permanent relief with respect to such claims. Second, while the applicants allege they will face irreparable harm if they are forced to choose between complying with the contraception-coverage requirement and paying significant fines, they cannot show that an injunction is necessary or appropriate to aid our jurisdic-

tion.    Even without an injunction pending appeal, the applicants may continue their challenge to the regulations in the lower courts.  Following a final judgment, they may, if necessary, file a petition for a writ of certiorari in this Court.

For the foregoing reasons, the application for an injunction pending appellate review is denied.

*It is so ordered.*