[Cite as *Inrex Home Care, L.L.C. v. Ohio Dept. of Dev. Disabilities*, 2016-Ohio-7986.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Inrex Home Care, LLC, | : | |
| Appellant, | : | |
| | : | No. 16AP-814 |
| v. | : | (C.P.C. No. 16CV-10835) |
| Ohio Department of Developmental Disabilities, | : | (REGULAR CALENDAR) |
| | : | |
| Appellee. | : | |
| | : | |

-----

M E M O R A N D U M   D E C I S I O N

Rendered on December 2, 2016

-----

*Zacks Law Group, LLC, Benjamin S. Zacks, James R. Billings* and *Robin L. Jindra*, for appellant.

*Michael DeWine*, Attorney General, and *Stephanie Deters*, for appellee.

-----

ON MOTION FOR INJUNCTION

PER CURIAM.

{¶ 1} Appellant, Inrex Home Care, LLC, has moved for an injunction enjoining enforcement of an administrative order. For the reasons that follow, we deny the injunctive relief.

{¶ 2} Inrex is a health care provider serving developmentally-disabled clients. The Ohio Department of Developmental Disabilities ("department") conducted audits of Inrex in 2014 and 2015, and based on the outcome of those audits revoked Inrex's certification by order dated October 27, 2016. Inrex appealed to the Franklin County Court of Common Pleas pursuant to R.C. 119.12. On November 15, 2016, Inrex filed a motion in the court of common pleas to stay the department's order under the stay

language of R.C. 119.12, which provides that "if it appears to the court that an unusual hardship to the appellant will result from the execution of the agency's order, the court may grant a suspension and fix its terms." The department opposed the stay.

{¶ 3} In the absence of the assigned judge, the court's duty judge issued a temporary stay through December 2, 2016. On November 29, 2016, the assigned judge took up the matter and declined to extend the stay beyond the period granted by the duty judge:

> Upon review, and after applying the guidelines set forth in [*Bob Krihwan Pontiac-GMC Truck, Inc. v. GMC*, 141 Ohio App.3d 777 (10th Dist. 2001)], this Court will defer to the expertise of the agency, as well as serving the public interest, in DENYING the request for an emergency order to stay and suspend the October 27, 2016 Adjudication Order. Thus, the stay issued by [the duty judge] will expire on December 2, 2016.

(Nov. 29, 2016 order at 2.)

{¶ 4} Inrex filed its notice of appeal to this court on November 27, 2016, and has now moved for a temporary injunction to halt enforcement of the revocation order.

{¶ 5} To obtain an injunction, Inrex must show (1) a substantial likelihood of success on the merits, (2) the existence of irreparable harm if an injunction is not issued, (3) that third-parties will not be unjustifiably harmed if an injunction is issued, and (4) that granting an injunction will serve the public interest.[1] *Franks v. Rankin*, 10th Dist. No. 11AP-962, 2012-Ohio-1920; *Hydrofarm, Inc. v. Orendorff*, 180 Ohio App.3d 339, 2008-Ohio-6819, ¶ 18 (10th Dist.); *Procter & Gamble Co. v. Stoneham*, 140 Ohio App.3d 260, 267 (1st Dist.2000). Whether a court grants an injunction depends largely on the character of the case and the particular facts involved. *Perkins v. Quaker City*, 165 Ohio St. 120, 125 (1956).

{¶ 6} In support of the injunction, Inrex argues that it has strong likelihood of success on the merits based upon the fact that the statute governing revocations of certification, R.C. 5123.166, is unconstitutionally vague. Inrex also asserts that there were

---

[1] Although we acknowledge that this is essentially the same standard applied by this court to examine the propriety of an R.C. 119.12 stay, *Bob Krihwan Pontiac-GMC Truck, Inc. v. GMC*, 141 Ohio App.3d 777 (10th Dist.2001), we must emphasize that we do not herein reach the merits of the court of common pleas' denial of that stay. The matter is before us only on Inrex's request for an App.R. 7 injunction. The grant or denial of such an injunction would not be legally determinative of our review of the trial court's denial of the stay, although it might resolve the issue for all practical purposes.

procedural defects in the course of the audit leading to the revocation, and that the department failed to review relevant materials during the audit. Inrex further argues that the revocation relies solely on violations that do not affect the actual provision of care to clients, and there have been no allegations of abuse, neglect, or abandonment affecting any clients. Based on client needs, Inrex argues that public interests will be served by preserving the status quo while Inrex pursues its administrative appeal. Inrex asserts that without an injunction, it will suffer irreparable harm because the business will close.

{¶ 7} We first conclude that Inrex has not shown that it is likely to prevail on the merits with respect to either the grounds for revocation or the constitutionality of the statute.

{¶ 8} The court of common pleas will apply a limited scope of review in this administrative appeal. The court must affirm if it finds that the department's revocation order is supported by reliable, probative, and substantial evidence and is in accordance with law. *Our Place, Inc. v. Ohio Liquor Control Comm.*, 63 Ohio St.3d 570, 571 (1992). "The court of common pleas is restricted to determining whether the order is so supported." *Id.* The reviewing court "will not substitute its judgment for the [agency]'s where there is some evidence supporting the [agency]'s Order." *Harris v. Lewis*, 69 Ohio St.2d 577 (1982).

{¶ 9} Under R.C. 5123.166, any number of actions can constitute good cause for suspension and revocation. These include any failure to meet or continue to meet the applicable certification standards, misfeasance, nonfeasance, and other conduct that is or would be injurious to individuals who receive or would receive supported living services from a certified provider. Inrex does not contest the existence of numerous violations during department audits in 2014 and 2015. Inrex only asserts that the company has remedied the prior violations and is now in full compliance. However, R.C. 5123.166 and the associated regulations provide that revocation may still be imposed even when a provider later comes into compliance:

> The department may suspend or revoke a certified provider's certification regardless of whether some or all of the deficiencies enumerated in accordance with this rule that prompted the department's intent to suspend or revoke the certification have been corrected at the time of the hearing.

Ohio Adm.Code 5123:2-2-04(E)(5).

Given this regulatory language, and given the deferential standard of review in administrative appeals, we cannot conclude that Inrex has asserted facts to demonstrate that it is likely to prevail on the merits.

{¶ 10} Nor is Inrex likely to prevail in its claim that the statute applied by the department to revoke certification is unconstitutional. The enactments of the legislature enjoy a strong presumption of constitutionality. "In enacting a statute, it is presumed that * * * [c]ompliance with the constitutions of the state and of the United States is intended." R.C. 1.47(A); *see also State v. Carswell*, 114 Ohio St.3d 210, 2007-Ohio-3723, ¶ 10. Courts have a duty to liberally construe statutes "to save them from constitutional infirmities." *Desenco, Inc. v. Akron*, 84 Ohio St.3d 535, 538 (1999). "An enactment of the General Assembly is presumed to be constitutional, and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142 (1955), paragraph one of the syllabus.

{¶ 11} Inrex asserts that R.C. 5123.166 is too vague in its description of prohibited conduct because it invokes broad or undefined terms such as "[m]isfeasance," "[m]alfeasance," and "conduct * * * injurious to individuals who receive * * * supported living" as a basis for revocation. A statute is not void simply because it could be worded more precisely or with additional certainty. *State ex rel. Rear Door Bookstore v. Tenth Dist. Court of Appeals*, 63 Ohio St.3d 354 (1992), citing *Roth v. United States*, 354 U.S. 476 (1957). The question is whether the law affords reasonable individuals of ordinary intelligence fair notice and sufficient definition and guidance to enable them to conform their conduct to the law. *Papachristou v. Jacksonville*, 405 U.S. 156 (1972).

{¶ 12} Moreover, the statute here provides many other precise and pertinent bases for revocation, including "failure to meet or continue to meet the applicable certification standards" under applicable regulations. R.C. 5123.166(B)(1). Even assuming, arguendo, that certain grounds for revocation are inadequately defined, a severance and invalidation of those portions of the statute would leave the balance operable and applicable in this case. *Norwood v. Horney*, 110 Ohio St.3d 353, 2006-Ohio-3799, ¶ 126, citing *Geiger v. Geiger*, 117 Ohio St. 451, 466 (1927).

{¶ 13} Turning to consideration of whether Inrex may suffer irreparable harm in the absence of an injunction, we note that the department does not refute Inrex's

contention that Inrex will shut its doors and its employees will lose their jobs if the department's order remains in effect. This factor weighs significantly in favor of an injunction. "A risk of loss or damage to a business entity qualifies as irreparable harm." *Franks v. Rankin*, 10th Dist. No. 11AP-962, 2012-Ohio-1920, ¶ 36.

{¶ 14} On the question of harm to third parties, Inrex argues that denial of an injunction will force clients to move to other facilities and suffer disruption in care. The department argues to the contrary that those same clients are at risk if they remain with Inrex, given its history of repeated noncompliance with regulations. The department also asserts that there are numerous providers in Franklin County who comply with the certification standards and are both willing and able to provide quality care to Inrex's clients. In the absence of a developed record that allows full examination of these issues, we consider this factor to be in equipoise.

{¶ 15} Finally, we consider whether an injunction would serve the public interest. Inrex here repeats its concerns regarding the future of its employees and clients. The department stresses that the public has a vital interest in the efficient state oversight of certified providers that serve a vulnerable and dependent population. We consider this factor to weigh in the department's favor and against an injunction. R.C. Chapter 5123 tasks the department with management of a complex and comprehensive regulatory scheme governing the provision of services to the developmentally disabled in Ohio. Such oversight requires effective enforcement of standards, and delay invites further noncompliance that thwarts the department's essential mission.

{¶ 16} In summary, after considering the four factors to be weighed in a request for injunctive relief, we find that the equities do not favor issuance of an injunction to enjoin enforcement of the department's order. Inrex's motion for an injunction is accordingly denied.

*Motion for injunction denied.*

TYACK and KLATT, JJ., concur.
LUPER SCHUSTER, J., dissents.

————————————