[Cite as *Little Butterflies Daycare & Preschool v. Ohio Dept. of Job & Family Servs.*, 2020-Ohio-1349.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Little Butterflies Daycare and Preschool, | : | |
| | : | |
| Appellant-Appellant, | | No. 20AP-153 |
| | : | (C.P.C. No. 20CV-1288) |
| v. | | |
| | : | (ACCELERATED CALENDAR) |
| Ohio Department of Job and Family Services, | : | |
| | : | |
| Appellee-Appellee. | : | |

D E C I S I O N

Rendered on April 7, 2020

*Strip, Hoppers, Leithart, McGrath & Terlecky Co., LPA, Nelson E. Genshaft*, and *Anthony C. Chambers*, for appellant.

*Dave Yost*, Attorney General, and *Theresa R. Dirisamer*, for appellee.

ON MOTION FOR STAY

LUPER SCHUSTER, J.

{¶ 1} Appellant, Little Butterflies Daycare and Preschool, appeals from an order of the Franklin County Court of Common Pleas that denied a stay of an administrative order issued by appellee, the Ohio Department of Job and Family Services ("ODJFS").

{¶ 2} ODJFS revoked appellant's daycare license by order entered January 31, 2020. Appellant appealed that order to the Franklin County Court of Common Pleas pursuant to R.C. 119.12, simultaneously requesting that the court of common pleas issue a stay preventing the revocation order from taking effect. By decision and entry dated March 4, 2020, the court of common pleas denied the stay, finding that appellant did not

meet the standard for a stay of execution pending judicial review of an administrative appeal.

{¶ 3}  Appellant then filed a further appeal to this court from the court of common pleas' order denying a stay of the administrative permit revocation.  We have jurisdiction over the present appeal because an appeal from the court of common pleas' denial of a stay in such an administrative appeal is a final appealable order without regard to the presence or absence of Civ.R. 54(B) language.  *Bob Krihwan Pontiac-GMC Truck, Inc. v. Gen. Motors Corp.*, 141 Ohio App.3d 777 (10th Dist.2001).

{¶ 4}  Because this case as it stands before us involves multiple types of stays at various levels of review, the posture of the present App.R. 7 stay motion must be carefully described. Appellant seeks to preclude application of the administrative revocation by obtaining from this court an App.R. 7 stay pending appeal. App.R. 7 provides for stays of orders rendered *by the court appealed from*.  Here, the court of common pleas has, as of this appeal, only denied appellant's request for a stay of the ODJFS order pending review of that order by the court of common pleas.  Because the court of common pleas has not reached the merits of the R.C. 119.12 appeal, a stay under App.R. 7 is not the proper remedy here.

{¶ 5}  The proper remedy in such situations is an injunction.  *Inrex Home Care, LLC v. Ohio Dept. of Dev. Disabilities*, 10th Dist. No. 16AP-814, 2016-Ohio-7986; *see also Nken v. Holder*, 556 U.S. 418, 429, citing *Ohio Citizens for Responsible Energy, Inc. v. Nuclear Regulatory Comm.*, 479 U.S. 1312, 1313 (1986) (A stay simply suspends judicial alteration of the status quo, while injunctive relief grants the judicial intervention that was withheld by lower courts.). Appellant has consistently described the requested relief as a stay pursuant to App.R. 7 and supported this with arguments going to the merits of the court of common pleas' own denial of a stay.  Appellant's motion is denied.

*Motion for stay denied.*

BROWN and NELSON, JJ., concur.

———————————