# SUPREME COURT OF THE UNITED STATES

_____

No. 24A1007

_____

A.A.R.P., ET AL. *v.* DONALD J. TRUMP, PRESIDENT
OF THE UNITED STATES, ET AL.

ON APPLICATION FOR INJUNCTION

[April 19, 2025]

JUSTICE ALITO, with whom JUSTICE THOMAS joins, dissenting.

Shortly after midnight yesterday, the Court hastily and prematurely granted unprecedented emergency relief. Proceeding under the All Writs Act, 28 U. S. C. §1651, the Court ordered "[t]he Government" not to remove a "putative class of detainees" until this Court issues a superseding order. 604 U. S. ___ (2025). Although the order does not define the "putative class," it appears that the Court means all members of the class that the habeas petitioners sought to have certified, namely, "[a]ll noncitizens in custody in the Northern District of Texas who were, are, or will be subject to the March 2025 Presidential Proclamation entitled 'Invocation of the Alien Enemies Act Regarding the Invasion of the United States by Tren De Aragua' and/or its implementation."* Motion for Class Certification in No. 1:25–cv–59 (ND Tex., Apr. 16, 2025), ECF Doc. 3, p. 1. And although the Court does not specify what it means by "[t]he Government," it appears that the term is intended to embrace all the named defendants, including the President. Cf. Fed. Rule Civ. Proc. 65(d)(2).

_____

*It appears that the applicants have recently moved to amend their class petition for habeas corpus and their motion for class certification. See Motions in No. 1:25–cv–59 (ND Tex., Apr. 18, 2025), ECF No. 35. So it is not clear if the applicants will continue to defend this specific definition or will argue for a new one.

The Court did all this even though:

- It is not clear that the Court had jurisdiction. The All Writs Act does not provide an independent grant of jurisdiction. See 28 U. S. C. §1651(a) (permitting writs "necessary or appropriate in aid of" a court's jurisdiction); *Clinton* v. *Goldsmith*, 526 U. S. 529, 534–535 (1999) ("the express terms" of the All Writs Act "confine the power of [a court] to issuing process 'in aid of' its existing statutory jurisdiction; the Act does not enlarge that jurisdiction" (quoting §1651(a)). Therefore, this Court had jurisdiction only if the Court of Appeals had jurisdiction of the applicants' appeal, see §1254 (granting this Court jurisdiction to review "[c]ases in the courts of appeals"), and the Court of Appeals had jurisdiction only if the supposed order that the applicants appealed amounted to the denial of a preliminary injunction. See §1292(a)(1). But here, the "order" that applicants appealed was what they viewed as the District Court's "'constructive'" denial of their request for a temporary restraining order (TRO). Order in No. 1:25–cv–59 (ND Tex., Apr. 18, 2025), ECF Doc. 41, p. 4 (ECF Doc. 41). That is, the District Court did not actually deny their most recent request for a TRO, but they inferred that it was constructively denied because the District Court failed to rule on that request before the expiration of a truncated counsel-imposed deadline. See Order in No. 25–10534 (CA5, Apr. 18, 2025), p. 3 (Ramirez, J., concurring). The denial of a true TRO is not appealable, and here, it is not clear that the applicants' TRO request was actually denied. Indeed, in an order issued last night, the Fifth Circuit held that it lacked jurisdiction for this reason. See *id.*, at 1

(*per curiam*); see also *id.*, at 3 (Ramirez, J., concurring).

- It is questionable whether the applicants complied with the general obligation to seek emergency injunctive relief in the District Court before asking for such relief from an appellate court. Fed. Rules App. Proc. 8(a)(1)(A), (a)(1)(C). When the applicants requested such relief in the District Court, they insisted on a ruling within 45 minutes on Good Friday afternoon, and when the District Court did not act within 133 minutes, they filed a notice of appeal, which the District Court held deprived it of jurisdiction. See ECF Doc. 41, at 3–4. It is doubtful that this aborted effort satisfied Federal Rule of Appellate Procedure 8(a)(1)(C).

- When this Court rushed to enter its order, the Court of Appeals was considering the issue of emergency relief, and we were informed that a decision would be forthcoming. This Court, however, refused to wait. But under this Court's Rule 23.3, "[e]xcept in the most extraordinary circumstances, an application for a stay will not be entertained unless the relief requested was first sought in the appropriate court or courts below or from a judge or judges thereof."

- The only papers before this Court were those submitted by the applicants. The Court had not ordered or received a response by the Government regarding either the applicants' factual allegations or any of the legal issues presented by the application. And the Court did not have the benefit of a Government response filed in any of the lower courts either. When the applicants first raised their allegations in the District Court, that court provided the Government

with 24 hours to respond, and was poised to rule expeditiously. See ECF Doc. 41, at 3–4. But the District Court dissolved the Government's obligation to respond after counsel for applicants filed their hasty appeal which, in the District Court's view, deprived it of jurisdiction to rule. *Id.*, at 4–5.

- The papers before us, while alleging that the applicants were in imminent danger of removal, provided little concrete support for that allegation. Members of this Court have repeatedly insisted that an All Writs Act injunction pending appeal may only be granted when, among other things, "the legal rights at issue are indisputably clear and, even then, sparingly and only in the most critical and exigent circumstances." *South Bay United Pentecostal Church* v. *Newsom*, 590 U. S. ___, ___ (2020) (ROBERTS, C. J., concurring in denial of application for injunctive relief) (slip op., at 2) (internal quotation marks omitted) (quoting S. Shapiro, K. Geller, T. Bishop, E. Hartnett, D. Himmelfarb, Supreme Court Practice §17.4, p. 17–9 (11th ed. 2019)); see also *Hobby Lobby Stores, Inc.* v. *Sebelius*, 568 U. S. 1401, 1403 (2012) (SOTOMAYOR, J., in chambers); *Lux* v. *Rodrigues*, 561 U. S. 1306, 1307 (2010) (ROBERTS, C. J., in chambers).

- Although this Court did not hear directly from the Government regarding any planned deportations under the Alien Enemies Act in this matter, an attorney representing the Government in a different matter, *J. G. G.* v. *Trump*, No. 1:25–cv–766 (DC), informed the District Court in that case during a hearing yesterday evening that no such deportations were then planned to occur either yesterday, April 18, or today, April 19.

- Although the Court provided class-wide relief, the

District Court never certified a class, and this Court has never held that class relief may be sought in a habeas proceeding.

In sum, literally in the middle of the night, the Court issued unprecedented and legally questionable relief without giving the lower courts a chance to rule, without hearing from the opposing party, within eight hours of receiving the application, with dubious factual support for its order, and without providing any explanation for its order. I refused to join the Court's order because we had no good reason to think that, under the circumstances, issuing an order at midnight was necessary or appropriate.

Both the Executive and the Judiciary have an obligation to follow the law. The Executive must proceed under the terms of our order in *Trump* v. *J. G. G.*, 604 U. S. \_\_\_ (2025) (*per curiam*), and this Court should follow established procedures.