## Richmond

### THE OMEGA CORPORATION OF CHESTERFIELD

### v.

### ROBERT LEE COBB, ET AL.

December 1, 1981.

Present: Carrico, C.J., Poff and Compton, JJ.

*Donald E. King; Steven C. McCallum; McGuire, Woods & Battle*, for petitioner.
*N. Leslie Saunders, Jr.; Saunders & Pannell*, for defendants.

### ORDER

On November 25, 1981, came the parties, by counsel, upon the Petition for Review of Injunctions filed on November 18, 1981, by the Omega Corporation of Chesterfield pursuant to Code § 8.01-626. The petitioner seeks to have two injunctions entered on November 5, 1981, by the Circuit Court of Chesterfield County set aside. The said circuit court, upon the motions of Robert Lee Cobb, et al., and D. Duane Mallory, et al., enjoined and restrained the Omega Corporation of Chesterfield from, *inter alia*, constructing, using, and maintaining two structures, within separate residential subdivisions, to house moderately retarded adults and their counselors, in violation of certain restrictive covenants.

The petition for review of the said injunction, and a motion to be heard orally, was accompanied by a copy of the proceedings in the said circuit court, including copies of the original papers and the court's orders respecting the injunctions, and the matters were argued by counsel.

Upon consideration whereof, and it being conceded by counsel for the Omega Corporation of Chesterfield during oral argument that the said injunctions entered by the circuit court are final judgments within the meaning of Code § 8.01-670(A)(3), the Court hereby denies the said Petition for Review of Injunctions.

The Court holds that the summary procedure authorized by Code § 8.01-626 may not be employed as a substitute for an appeal under Code § 8.01-670 when a final judgment within the meaning of the latter statute has been entered in the circuit court.

Accordingly, the said Petition is hereby dismissed, without prejudice to the right of the Omega Corporation of Chesterfield to seek relief through the normal appellate procedure.

Because the issue decided in this proceeding has arisen on numerous occasions since the 1977 amendment to Code § 8.01-626, it is further ordered that a copy of this order be published in the Virginia Reports.